Jeffrey KARCH, Plaintiff,

v.

**EQUILON ENTERPRISES
L.L.C., Defendant.**

No. A1–03–034.

United States District Court,
D. North Dakota,
Southwestern Division.

Oct. 1, 2003.

William J. Delmore, Annette Marie Bendish, Kelsch Kelsch Ruff & Kranda PLLP, Collins & Main, Mandan, ND, for Plaintiff.

William P. Pearce, Pearce & Durick, Bismarck, ND, John A. Ramsey, Sarah W. Moore, Arnold R. Thomas, Holland & Hart LLP, Greenwood Village, CO, for Defendant.

## MEMORANDUM AND ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

HOVLAND, Chief Judge.

Before the Court is the Defendant's Motion for Judgment on the Pleadings filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Defendant argues that the Plaintiff's breach of an alleged three-year oral contract is invalid under the North Dakota statute of frauds because it was not in writing and by its terms was not to be performed within a year from the making. For the reasons set forth below, the Court grants the Defendant's motion.

## I. BACKGROUND

On February 20, 2003, the Plaintiff, Jeffrey Karch, filed suit in the Southwest Judicial District of North Dakota against the Defendant, Equilon Enterprises, L.L.C. ("Equilon"). The matter was removed to federal district court on March 21, 2003. Karch seeks damages for the alleged breached of an oral contract. On July 31, 2003, Equilon filed a Motion for Judgment on the Pleadings, alleging that Karch's claim is barred by the statute of frauds. Karch responds by contending that Equilon should be estopped from asserting a statute of frauds defense through either equitable or promissory estoppel.

## II. LEGAL DISCUSSION

Rule 12(c) of the Federal Rules of Civil Procedure provides:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In analyzing a Rule 12(c) motion to dismiss, the Court must accept all the factual allegations set out in the complaint as true and construe the complaint in a light most favorable to the plaintiff. *Faibsch v. University of Minnesota*, 304 F.3d 797, 802 (8th Cir.2002). Dismissal for failure to state a claim will only be granted if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claim which would entitle it to relief. Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *Id.*

In his complaint, Karch alleges that he was contacted by an Equilon representative, Tim Jahner, in December 2000 regarding the "takeover of two semi-trucks, under a three year lease contract." See Complaint, ¶ 1. Negotiations regarding the number of trucks Karch would "take over" occurred between December 2000 and March 2001. Complaint, ¶ 3. Karch was to "take over" operation of at least one semi-truck in March 2001. Complaint, ¶ 3. Based on the negotiations and the offer by Equilon, Karch "spent monies, adjusted his schedule, and informed members of the industry that he would be taking over the operation of at least one semi-truck." Complaint, ¶ 4. Karch alleges that "with inadequate notice, the offer was apparently withdrawn and inference as to the Plaintiff's safety record were raised." Complaint, ¶ 6. Karch further alleges that this withdrawal "adversely impacted" him. Complaint, ¶ 7. Karch contends that his wages would have been 25% of $222,000, the average gross income for this semi-truck, or $55,000 per year of the three year contract for a total of $165,000. Complaint, ¶ 5.

### A. STATUTE OF FRAUDS

Section 9–06–04 of the North Dakota Century Code provides:

The following contracts are invalid, unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged, or by his agent:

1. An agreement that by its terms is not to be performed within a year from the making thereof.

N.D.C.C. § 9–06–04. "If there is a possibility that an agreement may be performed within one year, the agreement does not have to be in writing and subscribed by the party to be charged." *Thompson v. N.D. Workers' Compensation Bureau*, 490 N.W.2d 248, 252 (N.D.1992).

After accepting all the factual allegations set out in the complaint as true and construing the complaint in a light most favorable to Karch, the Court will assume that an agreement was made. It is undisputed that the alleged agreement was an oral agreement. By the terms set forth in the complaint, it is also clear that the oral agreement would take more than one year to perform. Karch described the agreement as a "three year lease contact" and calculated his alleged damages as the total lost income for three years. Thus, the Court finds that the alleged agreement is barred by the North Dakota statute of frauds because it was not in writing and by

its terms it could not be performed within a year. N.D.C.C. § 9–06–04(1). However, the doctrines of promissory estoppel and equitable estoppel may bar the assertion of a statute of frauds defense. *Cooke v. Blood Systems, Inc.*, 320 N.W.2d 124, 127 (N.D.1982).

## B. EQUITABLE AND PROMISSORY ESTOPPEL

North Dakota law recognizes the doctrines of equitable and promissory estoppel. Both doctrines developed "to prevent inequities that may result when an agreement is void or unenforceable because of inadequate consideration or the statute of frauds and one of the parties has acted to his detriment because of a representation or promise made by the other person." *O'Connell v. Entertainment Enterprises, Inc.*, 317 N.W.2d 385, 389 (N.D.1982). After reviewing North Dakota case law, it appears the doctrines are similar in theory, but each requires that a distinct set of elements be shown before it can properly be applied. *Id.* at 389–91 (setting forth a separate set of elements for equitable estoppel and promissory estoppel).

### 1) EQUITABLE ESTOPPEL

■ The doctrine of equitable estoppel is codified at Section 31–11–06 of the North Dakota Century Code, which provides:

When a party, by that party's own declaration, act, or omission, intentionally and deliberately has led another to believe a particular thing true and to act upon such belief, that party shall not be permitted to falsify it in any litigation arising out of such declaration, act, or omission.

N.D.C.C. § 31–11–06. The elements of equitable estoppel are:

1. conduct which amounts to a false representation or concealment of material facts, or at least, which is calculated to convey the impression that the facts are otherwise than those which the party subsequently attempts to assert;

2. the intention, or at least the expectation, that such conduct will be acted upon by, or will influence, the other party or persons; and

3. knowledge, actual or constructive, of the real facts.

*O'Connell v. Entertainment Enterprises, Inc.*, 317 N.W.2d 385, 389 (N.D.1982). Proof of fraud, positive misrepresentation, or unconscionable conduct akin to fraud are necessary to invoke equitable estoppel. *Farmers Coop. Ass'n of Churchs Ferry v. Cole*, 239 N.W.2d 808, 811–12 (N.D.1976). In addition, the party claiming the estoppel must show:

1. lack of knowledge and of the means of knowledge of the truth as to the facts in question;

2. reliance, in good faith, upon the conduct or statements of the party to be estopped; and

3. action or inaction based thereon, of such a character as to change the position to statute of the party claiming the estoppel, to his injury, detriment, or prejudice.

*O'Connell v. Entertainment Enterprises, Inc.*, 317 N.W.2d 385, 389 (N.D.1982). "The purpose of equitable estoppel is to preserve rights already acquired and not to create new ones; equitable estoppel does not itself give rise to a cause of action." *Lohse v. Atlantic Richfield Co.*, 389 N.W.2d 352, 357 (N.D.1986).

■ In order to succeed on his equitable estoppel argument, Karch must show that Equilon intentionally and deliberately acted in a manner that amounted to a false representation, a concealment of material facts, or an impression that the facts were otherwise than those which Equilon now attempts to assert. See N.D.C.C. § 31–11–06. A review of Karch's complaint fails

to reveal any allegations of fraud, positive misrepresentation, or unconscionable conduct necessary to invoke equitable estoppel. *See Farmers Coop. Ass'n of Churchs Ferry v. Cole*, 239 N.W.2d 808, 811–12 (N.D.1976). Without such allegations, the Court finds Karch has failed to satisfy the elements of an equitable estoppel claim.

## 2) PROMISSORY ESTOPPEL

■■■■ The elements of promissory estoppel are:

1. a promise which the promisor should reasonably expect will cause a change of position by the promisee;

2. a substantial change in the promisee's position through action or forbearance;

3. justifiable reliance on the promise; and

4. injustice which can only be avoided by enforcing the promise.

*Peterson Mechanical Inc. v. Nereson*, 466 N.W.2d 568, 571 (N.D.1991). North Dakota law requires that the promise or agreement be "clear, definite, and unambiguous as to essential terms before the doctrine of promissory estoppel may be invoked to enforce an agreement or to award damages for the breach thereof." *Lohse v. Atlantic Richfield Co.*, 389 N.W.2d 352, 356 (N.D.1986). "Estoppel to assert the Statute of Frauds does not arise merely because an oral contract within the statute has been acted upon by the promisee nor performed by the promisor." *Farmers Coop. Ass'n v. Cole*, 239 N.W.2d 808, 812 (N.D.1976).

■■■■ After accepting all the factual allegations set out in the complaint as true and construing the complaint in a light most favorable to Karch, the Court will assume that Karch and Equilon made an agreement. However, under the doctrine of promissory estoppel, the agreement must be "clear, definite, and unambiguous as to essential terms" before the doctrine

of promissory estoppel will be invoked. *Lohse v. Atlantic Richfield Co.*, 389 N.W.2d 352, 356 (N.D.1986).

■■■■ Even assuming some agreement was reached between the parties, Karch has failed to set forth the essential terms of the agreement. It is unclear as to whether Karch would "takeover" one or two trucks. Karch has also failed to state when the agreement was to begin and end. Further, it is unclear what is meant by the phrase "takeover of the trucks." Such a phrase does not clearly define the duties and responsibilities of the parties including such matters as maintenance, repair, insurance, and licensing. In summary, the Court finds whatever agreement may have been formed, it was not "clear, definite, and unambiguous as to essential terms." *See Lohse v. Atlantic Richfield Co.*, 389 N.W.2d 352, 356 (N.D.1986). Thus, the Court finds that Karch has failed to satisfy the elements necessary to invoke the doctrine of promissory estoppel because he has not shown the agreement was clear and definite.

## III. CONCLUSION

The Court expressly finds that the alleged agreement is barred by the North Dakota statute of frauds because it was not in writing and by its terms could not be performed within a year. The Court also finds that Karch has failed to satisfy the elements necessary to invoke either the doctrine of equitable estoppel or the doctrine of promissory estoppel. Accordingly, the Defendant's Motion for Judgment on the Pleadings (Docket No. 20) is GRANTED. The Court ORDERS that judgment be entered in favor of Defendant.

IT IS SO ORDERED.